1
David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com

2
**HYDE & SWIGART**
2633 E. Indian School Road, Suite 460

3
Phoenix, AZ 85016
Telephone:   (602) 265-3332

4
Facsimile:    (602) 230-4482

5
Ryan L. McBride, Esq. (SBN: 032001)

6
ryan@kazlg.com
**KAZEROUNI LAW GROUP, APC**

7
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016

8
Telephone:   (800) 400-6808

9
Facsimile:    (800) 520-5523

10
Attorneys for Plaintiff

11

12
**UNITED STATES DISTRICT COURT**

13
**DISTRICT OF ARIZONA**

14

| | |
|---|---|
| 15 Savina Gomez Lopez, | **Case No:** |
| 16                        Plaintiff, | **Complaint For Damages For** |
| 17 v. | **Violations of the Fair Debt Collection Practices Act and the** |
| 18 Thunderbird Collection Specialists, | **Arizona Consumer Fraud Act** |
| 19 Inc. and Bellridge Apartments, | |
| 20                        Defendants. | **Jury Trial Demanded** |
| 21 | |

22
**INTRODUCTION**

23
Plaintiff, SAVINA GOMEZ LOPEZ ("Plaintiff"), alleges the following upon

24
information and belief based upon personal knowledge:

25
**NATURE OF THE CASE**

26
1.     The United States Congress has found abundant evidence of the use of

27
abusive, deceptive, and unfair debt collection practices by many debt collectors,

28
and has determined that abusive debt collection practices contribute to the number

of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.     The Arizona legislature has also enacted the Arizona Consumer Fraud Act ("ACFA"), which governs consumer transactions to "root out and eliminate 'unlawful practices' in merchant-consumer transactions." *People ex rel. Babbitt v. Green Acres Trust*, 127 Ariz. 160, 164, 618 P.2d 1086, 1090 (Ct. App. 1980); A.R.S. §44-1522.

3.     Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of THUNDERBIRD COLLECTION SPECIALISTS, INC. ("TCS") and BELLRIDGE APARTMENTS ("Bellridge") (or jointly as "Defendants"), in negligently, knowingly, and/or willfully collecting an amount not authorized by agreement or by law in violation of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq*. ("FDCPA"), and the ACFA.

4.     While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5.     Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6.     Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7.     Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

**JURISDICTION & VENUE**

8.     Venue is proper because Plaintiffs resides within the City of Phoenix, County of Maricopa, and the State of Arizona.

9.     Venue is also proper because Defendants are businesses that regularly engage in business within this Judicial District and the conduct giving rise to Plaintiff's claims occurred within this Judicial District.

**PARTIES**

10.     Plaintiff is a natural person residing in State of Arizona, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and a "person" as defined in A.R.S. § 44-1521(6).

11.     At all relevant times herein, TCS, was a debt collection agency engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5).

12.     TCS regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

13.     Bellridge is an apartment complex that regularly rents apartments to consumers.

14.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

**FACTUAL ALLEGATIONS**

15.     Sometime before March 20, 2018 Plaintiff allegedly incurred certain financial obligations to Bellridge.

16.     These alleged financial obligations were money, property, or their equivalent, for personal, family and/or household purposes, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).

17.     Plaintiff's financial obligations also constitute a "sale" as defined by A.R.S. § 44-1521(7).

18.     Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff disputes the validity of Plaintiff's alleged debt.

19.     Subsequently, but sometime prior to March 20, 2018, the alleged debt was assigned, placed, or otherwise transferred, to TCS for collection.

20.     On or about March 20, 2018, TCS sent a collection letter to Plaintiff indicating that the principal balance owed to Defendants was $2,757.55.

21.     The March 20, 2018 letter included a copy of the "charges" in a ledger which Plaintiff allegedly owed.

22.     Within the ledger provided by Defendants, Defendants indicate Plaintiff owed money to Defendants for the following: failure to return apartment keys, painting and patching, carpet cleaning, and failure to give 30 days notice before moving out of the apartment.

23.     Upon moving out of Bellridge, Plaintiff returned her apartment keys to a mailbox located outside of the front office door. This was a common practice for Bellridge to accept payments and other items from residents that needed to be given to Bellridge.

24.     Upon moving out of Bellridge, Plaintiff cleaned the apartment to the standards of what Bellridge required before renting the apartment to a new resident. Plaintiff knows this because Plaintiff was employed by Bellridge to clean the apartments after residents moved out to prepare the apartments for new residents.

25.     Therefore, Defendants claims that the apartment needed any sort of carpet cleaing, painting, patching, or other cleaning is completely false.

26.     In regards to the move-out notice, Plaintiff provided the Bellridge with notice that Plaintiff would be moving out well in advance of the 30 days required by Plaintiff's lease.

27.     In fact, Bellridge provided Plaintiff with a form titled "Prospective Resident Rental Verification Form."  The "Prospective Resident Rental Verification Form" states that Plaintiff gave the required 30-day notice to move out of Bellridge. The form was signed by an employee of Bellridge named Edwin Camacho.

28.     Bellridge has been attempting to collect thousands of dollars on these false allegations regarding Plaintiff's move-out from Bellridge.

29.     As a result of Bellridge's actions, Bellridge has made multiple misrepresentations and participated in acts of deception in violation of A.R.S. § 44-1522(A).

30.     When Plaintiff received the March 20, 2018 letter from Defendants, Plaintiff immediately disputed the amounts with Defendants.

31.     After months of not receiving any truthful responses from Defendants, Plaintiff sent a letter, through her attorney, to TCS listing out all of the reasons why all of the alleged charges Defendants were attempting to collect were inaccurate.

32.     Instead of fixing the problem, TCS responded through its representative, Brian Marshall, indicating that all charges were correct and the "balance is due."

33.     Despite being put on notice of the problems with the debt they were collecting, Defendants continued to attempt to collect from Plaintiff by sending collection letters on January 16, 2019 and April 10, 2019.

34.     By attempting to collect amounts not owed by Plaintiff, TCS engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, TCS violated 15 U.S.C. § 1692d.

24.     By attempting to collect amounts not owed by Plaintiff, TCS sent false, deceptive, or misleading representation regarding the amount owed on the alleged debt, in violation of 15 U.S.C. § 1692d.

25.    By attempting to collect amounts not owed by Plaintiff, TCS falsely represented the amount owed on the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

26.    Since TCS was unauthorized to charge these amounts, it violated 15 U.S.C. § 1692e(5), attempted to collect debt when it was not legally authorized to do so.

27.    Defendants' conduct violated ACFA §§ 44-1522(A) because they constituted deceptive and misleading practices and deceived Plaintiff implying that they were legally authorized to collect these amounts from Plaintiff.

28.    By attempting to collect amounts not owed by Plaintiff, TCS falsely represented the amount owed on the debt, thereby violating 15 U.S.C. §§ 1692f and 1692f(1), and engaging in unfair and deceptive practices.

29.    As a result of Defendants' conduct set forth above, Plaintiffs suffered economic damages in a form of paid interest charges and non-economic damages in the form of mental anguish and emotional distress type damages, which manifested in symptoms including but not limited to frustration, anxiety, loss of sleep, embarrassment, and shame.

## COUNT I:
## VIOLATION OF  THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C §1692 et seq.
### (Against TCS)

30.    Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

31.    The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

32.    As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from TCS.

## COUNT II

## ARIZONA CONSUMER FRAUD ACT ("ACFA"), § 44-1522 et seq.

### (Against All Defendants)

33.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

34.     The foregoing acts and omissions constitute numerous and multiple violations of the ACFA, including but not limited to each and every one of the above-cited provisions of the ACFA, §§44-1522 *et seq.*

35.     Defendants knew or should have known that sending misleading and deceptive correspondence and attempting to collect incorrect amounts from Plaintiff constituted deceptive practices with intent to abusively extort payments from Plaintiff.

36.     Defendants' actions, omissions, communications would have mislead the least sophisticated consumer or any person of average intelligence.

37.     As a result of Defendants' violations of the ACFA, Plaintiffs suffered damages in an amount to be proven at trial for actual damages, and attorney's fees and costs from Defendant pursuant to Arizona Code Ann. § 44-1522 et seq.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs the following relief against Defendants:

## COUNT I:

## VIOLATION OF  THE FAIR DEBT COLLECTION PRACTICES ACT

1.  An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2.  An award of statutory damages up to $1,000.00, pursuant to 15 U.S.C. § 1692k;
3.  For reasonable attorneys' fees and costs of suit;

4. For such further relief as this Court deems necessary, just, and proper.

## COUNT II

## ARIZONA CONSUMER FRAUD ACT ("ACFA")

1. An award of actual damages;

2. An award of punitive damages;

3. For reasonable attorneys' fees and costs of suit;

4. For such further relief as this Court deems necessary, just, and proper.

## TRIAL BY JURY

38.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.


Respectfully submitted,


**KAZEROUNI LAW GROUP**


Date: April 24, 2019                          By:  */s/* Ryan L. McBride
                                              Ryan L. McBride, Esq.
                                              Attorney for Plaintiff